THE UNITED STATES DISTRICT COURT

DISTRICT OF UTAH

| | |
|---|---|
| ANTHONY PRATER,<br><br>　　　　　　　　Petitioner,<br><br>v.<br><br>MIKE HADDON,[1]<br><br>　　　　　　　　Respondent. | **MEMORANDUM DECISION AND ORDER GRANTING MOTION TO DISMISS HABEAS-CORPUS PETITION**<br><br>Case No. 2:21-CV-184-DAK<br><br>District Judge Dale A. Kimball |

In this federal habeas-corpus case, *pro se* inmate Anthony Prater,[2] attacks his state conviction. 28 U.S.C.S. § 2254 (2021) ("[A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.").

Having carefully considered the relevant case documents and law, the Court concludes Petitioner has inexcusably procedurally defaulted his requested grounds for relief. The Motion to Dismiss is thus granted.

### I. BACKGROUND

Based on his jury convictions "of aggravated murder and obstructing justice . . . [and] five counts of discharging a firearm from a vehicle," Petitioner was sentenced "to life in prison without the possibility of parole." *State v. Prater*, 2017 UT 13, ¶ 1. He pursued just one issue on

---

[1] Petitioner must clearly name his custodian (warden or facility supervisor) as respondent. R. 2, Rs. Governing § 2254 Cases in the U.S. Dist. Cts. So the Court assumes Petitioner means Respondent is Central Utah Correctional Facility Warden Devin Blood.

[2] Because Petitioner is *pro se*, his pleadings must be construed liberally. *Garrett v. Selby, Connor, Maddux, & Janer*, 425 F.3d 836, 840 (10th Cir. 2005). However, this requirement does not obligate the Court to form arguments for him or excuse compliance with procedural rules. *Id.*

1

appeal: "[M]uch of the witness testimony was inherently improbable and therefore the State did not present evidence sufficient to permit a reasonable jury to find him guilty." *Id*. Analyzing this issue on the merits, the Utah Supreme Court affirmed Petitioner's convictions. *Id.* ¶ 44.

Petitioner's subsequent state post-conviction petition also unsuccessfully attacked his conviction, on the following grounds: (1) Trial court erred by (a) admitting a letter into evidence; and (b) not allowing defense counsel to withdraw due to conflict of interest, and not granting a mistrial based on this circumstance; (2) prosecutorial misconduct by (a) presenting known perjured testimony; and (b) misstating "manslaughter law" in the closing statement; and, (3) ineffective assistance of counsel when (a) trial counsel failed to investigate mishandled evidence and absent-witness location, and did not follow up on a granted "post-trial motion for a new trial"; and (b) when appellate counsel did not include in briefing to the Utah Supreme Court certain issues that Petitioner had asked to be raised. (ECF No. 4-10, at 2-5.)

The state post-conviction court ruled that the issues of (1) the trial court (a) admitting the letter into evidence; and (b) denying counsel's withdrawal and mistrial motions; and (2) prosecutorial misconduct, were procedurally barred under the Utah Postconviction Remedies Act (PRCA) because Petitioner had already raised the issues at trial or could have raised them at trial or on appeal but did not. (ECF No. 4-11, at 11, 21-22 (quoting Utah Code Ann. § 78B-9-106(1) (2021)).) The trial court further ruled that Petitioner had not shown ineffective assistance of counsel. (ECF No. 4-11, at 27-36.)

On appellate review of the denial of post-conviction relief, the Utah Court of Appeals affirmed that the issues of trial-court error and prosecutorial misconduct were procedurally defaulted. (Am. Order of Affirmance, ECF No. 4-13, at 1-2.) Further, the court of appeals concluded that issues of trial-counsel ineffectiveness were waived on appeal because Petitioner

2

failed to raise them and issues of appellate-counsel ineffectiveness could not be addressed on their merits because Petitioner inadequately briefed them. (*Id.* at 3, n.2.) That leaves but one issue that was denied on its merits: Petitioner argued "that his trial counsel provided ineffective assistance of counsel for not pursuing [Petitioner's] pro se motion for a new trial." (*Id.* at 2.)

Petitioner's certiorari petition regarding the court of appeals decision was denied. *Prater v. State*, No. 20200379-SC, slip op. (Utah July 14, 2020).

## II. PETITIONER'S ASSERTED GROUNDS FOR FEDERAL-HABEAS RELIEF

Petitioner raises the following issues on federal habeas review: (1) The trial court's errors of (a) admitting a letter into evidence; and (b) not allowing defense counsel to withdraw due to conflict of interest and not granting a mistrial based on this circumstance (and related possible ineffective assistance[3]), (ECF No. 1, at 8-9, 11); (2) prosecutorial misconduct by (a) presenting known perjured testimony; and (b) misstating "manslaughter law" in closing statement, (*id.* at 9); and (3) appellate-counsel ineffectiveness, (*id.* at 6).

The Court agrees with Respondent that all these issues are procedurally defaulted under the below analysis. After all, as further discussed below, issues (1) and (2), "could have been but w[ere] not raised in the trial court, at trial, or on appeal," Utah Code Ann. § 78B-9-106(1) (2021); and, issue (3) was inadequately briefed on state appeal and therefore ineligible for consideration on the merits. (ECF No. 4-13.)

## III. PROCEDURAL-DEFAULT ANALYSIS

This Court may not consider issues "defaulted in state court on independent and adequate state procedural grounds 'unless [petitioner] can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to

---

[3] Note: This is a different ineffective-assistance-of-trial-counsel issue than that raised on post-conviction appeal.

3

consider the claims will result in a fundamental miscarriage of justice.'" *Hamm v. Saffle*, 300 F.3d 1213, 1216 (10th Cir. 2002) (quoting *Coleman v. Thompson*, 501 U.S. 722, 750 (1991)).

Under Utah procedural law, a person is disqualified for post-conviction relief "upon any ground that . . . was raised or addressed in the trial court, at trial, or on appeal; [or] could have been but was not raised in the trial court, at trial, or on appeal," or "was raised or addressed in any previous request for post-conviction relief or could have been, but was not, raised in a previous request for post-conviction relief." Utah Code Ann. § 78B-9-106(1) (2021). Further, Utah's appellate rules require an appellant to provide a written brief containing a "statement of the issues . . . presented for review" and arguments incorporating "reasoned analysis supported by citations to legal authority and the record" that explain "why the party should prevail on appeal." Utah R. App. P. 24(a)(5), (8).

Based on the Court's review of Utah cases, these rules are "independent and adequate state procedural ground[s]" for dismissal of Petitioner's case in that they are "'strictly or regularly followed' and employed 'evenhandedly to all similar claims.'" *See Hamm*, 300 F.3d at 1216 (quoting *Hickman v. Sears*, 160 F.3d 1269, 1271 (10th Cir. 1998)) (quotation omitted in original); *see, e.g., Peak Alarm Co. v. Salt Lake City Corp.*, 2010 UT 22, ¶ 67 (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *Giusti v. Sterling Wentworth Corp.*, 2009 UT 2, ¶ 50 (same); *Kell v. Utah*, 194 P.3d 913, 918 (Utah 2008) (holding post-conviction court correctly dismissed claims that had been previously raised and rejected, or could have been but were not raised, on direct appeal); *Gardner v. Galetka*, 151 P.3d 968, 969 (Utah 2007) (holding claim would have been procedurally barred because it could have been brought in prior post-conviction proceeding); *Hutchings v. Utah*, 84 P.3d 1150, 1153 (Utah 2003) (affirming dismissal of all claims that were

4

raised, or could have been raised, in prior proceedings); *State v. Wareham*, 772 P.2d 960, 966 (Utah 1989) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue); *State v. Loose*, 135 P.3d 886, 889-90 (Utah Ct. App. 2006) (holding inmate barred from bringing post-conviction claim when issue could have been but was not raised on appeal); *State v. Stone*, 2004 UT App 369, ¶ 5 (unpublished) (declining to consider all claims that were raised or could have been raised at trial or on direct appeal); *State v. Womack*, 967 P.2d 536, 540 n.1 (Utah Ct. App. 1998) (declining to address asserted trial-court error when appellant's brief provided no meaningful analysis on issue).

Under the federal law outlined earlier, this Court must therefore dismiss Petitioner's defaulted issues unless cause and prejudice or a fundamental miscarriage of justice redeems their default. *See Gonzales v. Jordan*, No. 01-6415, 2002 WL 1203905, at *3-4 (10th Cir. June 5, 2002) (unpublished).

Petitioner argues cause and prejudice are at play here. Specifically, Petitioner asserts cause and prejudice stem from his lack of legal resources and experience, and from ineffective assistance of counsel.

"[T]o satisfy the 'cause' standard, Petitioner must show that 'some objective factor external to the defense' impeded his compliance with Utah's procedural rules." *Dulin v. Cook*, 957 F.2d 758, 760 (10th Cir. 1992) (citations omitted). Meanwhile, to demonstrate prejudice, "'[t]he habeas petitioner must show not merely that . . . errors . . . created a possibility of prejudice, but that they worked to his *actual* and substantial disadvantage.'" *Butler v. Kansas*, No. 02-3211, 2002 WL 31888316, at *3 (10th Cir. Dec. 30, 2002) (unpublished) (alteration in original) (quoting *Murray v. Carrier*, 477 U.S. 478, 494 (1986) (emphasis in original)).

5

Petitioner has not met his burden of showing that objective factors external to the defense hindered him in meeting state procedural demands. Under Tenth Circuit case law, lack of legal resources and knowledge (including Petitioner's own misunderstanding) are circumstances that do not carry Petitioner's burden to show cause. *Gilkey v. Kansas*, No. 02-3227, 2003 U.S. App. LEXIS, at *6 (10th Cir. Feb. 4, 2003) (unpublished) (holding limited knowledge of the law is insufficient to show cause for procedural default); *Rodriguez v. Maynard*, 948 F.2d 684, 688 (10th Cir. 1991) (concluding petitioner's pro se status and his corresponding lack of awareness and training on legal issues do not constitute adequate cause for his failure to previously raise claims). Indeed, these are factors that are *internal* to Petitioner's "defense."

And, regarding Petitioner's argument that ineffective assistance provides cause for his procedural default, it is true that "[a]ttorney error that constitutes ineffective assistance of counsel is cause." *Coleman v. Thompson*, 501 U.S. 722, 754-54 (1991). This is because, if the procedural default is the result of ineffective assistance of counsel, the Sixth Amendment itself requires that responsibility for the default be imputed to the State." *Murray v. Carrier*, 477 U.S. 478, 488 (1986). To be clear, the attorney's error "constitutes a violation of petitioner's right to counsel, so that the error must be seen as an external factor, i.e., 'imputed to the State.'" *Coleman*, 501 U.S. at 754; *see also Evitts v. Lucey*, 469 U.S. 387, 396 (1985) ("The constitutional mandate [guaranteeing effective assistance of counsel] is addressed to the action of the State in obtaining a criminal conviction through a procedure that fails to meet the standard of due process of law").

The problem for Petitioner here is that--on state post-conviction review--the state trial court explicitly analyzed the ineffective-assistance-of-counsel claims raised by Petitioner and did not find counsel wanting under the *Strickland* standard. (ECF No. 4-11, at 26-36 (citing

*Strickland v. Washington*, 466 U.S. 668, 687-90 (1984)).) The trial court also found that Petitioner had not provided necessary evidentiary support for other of his allegations. (*e.g., id.* at 33-35.) After that, it was Petitioner who did not adequately appeal the trial court's decision, so he is stuck with it.[4]

When there exists no successful ineffective-assistance-of-counsel claims, the argument of ineffective assistance of counsel may not be used to support an argument of cause to avoid procedural default. *Thompson v. Benzon*, No. 2:18-CV-320-DAK, 2021 U.S. Dist. LEXIS 170485, at *13-14 (D. Utah Sept. 7, 2021). Further, any other ineffective-assistance-of-counsel claim that Petitioner thinks may support a cause argument must itself be properly exhausted in state court to be validly used as cause; however, any such claims are now foreclosed in state court. (*Id.* at *14.) Finally, because "the Constitution provides no right to counsel in a collateral proceeding," lack of or ineffective post-conviction counsel does not establish cause. *Sayed v. Trani*, 731 F. App'x 691, 697 (10th Cir. 2018).

In sum, the Court concludes that Petitioner's issues are procedurally defaulted.  And, these issues do not qualify for consideration under the cause-and-prejudice exception to the procedural bar.  The Court thus denies Petitioner federal habeas relief.

---

[4] In his traverse, (ECF No. 6), to Respondent's Motion to Dismiss, (ECF No. 4), Petitioner argues that *Martinez v. Ryan*, 566 U.S. 1, 17 (2012), provides help for him with an exception to *Coleman*'s default rule. The exception is as follows:
> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

*Id.* at 17.
But this exception "does not apply in Utah--Utah allows claims of ineffective assistance of trial counsel on direct appeal." *Finlayson v. Utah*, 6 F.4th 1235, 1243 (10th Cir. 2021). The Court thus does not further consider this argument.

## IV. CONCLUSION

Petitioner's claims are procedurally defaulted and do not warrant exceptional treatment.

**IT IS ORDERED** that:

**(1)** The Motion to Dismiss is **GRANTED**. (ECF No. 4.) Habeas-corpus relief is **DENIED**, and the action **DISMISSED WITH PREJUDICE**.

**(2)** A certificate of appealability is **DENIED**.

This action is **CLOSED**.

DATED this 7th of March, 2022.

BY THE COURT

JUDGE DALE A. KIMBALL
United States District Court